Case 4:22-cv-01538   Document 22   Filed on 10/12/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
October 12, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUINCY BUTLER, <br> (TDCJ # 01899541) <br><br> Petitioner, <br><br> vs. <br><br> BOBBY LUMPKIN, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. H-22-1538 |

**MEMORANDUM OPINION AND ORDER**

The petitioner, Quincy Butler, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the results of a disciplinary proceeding that occurred when he was confined at the Wainwright Unit of the Texas Department of Criminal Justice—Correctional Institutions Division. (Docket Entry No. 1). Butler also filed a memorandum in support of his petition. (Docket Entry No. 16). The respondent answered the petition and filed a copy of the disciplinary hearing records. (Docket Entry No. 20). Butler replied to the respondent's answer. (Docket Entry No. 21). After reviewing the petition, the answer and reply, the applicable law, and all matters of record, the court denies Butler's petition and dismisses this action. The reasons are explained below.

**I.      Background**

Publicly available records show that Butler is incarcerated on convictions for evading arrest with a vehicle, in Waller County Cause Number 12-10-14,234; possession of a controlled substance, in Waller County Cause Number 12-10-14,235; and deadly conduct by discharging a firearm, in Brazos County Cause Number 12-00472-CRF-272. *See* Inmate Search, www.tdcj.texas.gov (last visited Oct. 6, 2022). His projected release date is in May 2073. *Id.*

Rather than challenging the convictions or sentences, Butler is challenging the results of prison disciplinary proceeding. He alleges that on November 2, 2021, he was found guilty after a hearing in disciplinary case number 20220042072 of wiping semen on an officer's hand while she was removing his handcuffs. (Docket Entry Nos. 1, p. 1; 20-3, p. 3). On the same date and in the same hearing, Butler was found guilty of offenses in two other disciplinary cases, case numbers 20220042076 and 20220042135. (Docket Entry No. 1, p. 2). Butler alleges that he was denied due process during the proceedings because he was excluded from the hearing without cause. (*Id.*). He also alleges that the disciplinary hearing officer tampered with the audio recording of the hearing and did not review camera footage that would have disproven the charge. (*Id.* at 7). Butler further alleges that the charging officer fabricated the offense in retaliation for Butler telling her that he was going to file a grievance against her. (*Id.* at 8). As a result of his conviction in case 20220042072, Butler received 45 days of recreation restriction, 60 days of commissary restriction, 45 days of cell restriction, a reduction in line-class status from L1 to L3, and the forfeiture of 364 days of good-time credit. (*Id.* at 10). Butler was also placed in administrative segregation after the hearing, where he remains today. (*Id.* at 8, 10).

Butler filed Step 1 and Step 2 grievances in all three disciplinary cases. (Docket Entry No. 11, pp. 3-17). He alleges that the findings of guilt in case numbers 20220042076 and 20220042135 were overturned because of the due process violation, (*Id.* at 9-17), but the conviction in case number 20220042072 was not. Butler alleges that the conviction resulted from the same due process violation at the same hearing. (*Id.* at 4-7). Butler asks this court to overturn his disciplinary conviction in case 20220042072 and order that all good-time, work-time, and custody levels be restored. (Docket Entry No. 1, p. 15).

2

**II.     Legal Standards**

The federal writ of habeas corpus provides a remedy to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3); 2254(a); *see also Shinn v. Ramirez*, 142 S. Ct. 1718, 1730 (2022). In the context of prison disciplinary proceedings, a prisoner's right to habeas relief is governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell,* 418 U.S. 539, 557 (1974). This clause protects a prisoner charged with a prison rules violation *only* when the disciplinary proceeding results in a sanction that infringes on a protected liberty interest. *See Sandin v. Conner,* 515 U.S. 472, 484 (1995). Liberty interests may arise from either the Constitution or state law. *See Kentucky Dep't of Corr. v. Thompson,* 490 U.S. 454, 460 (1989).

Under the Constitution, a prisoner has a protected liberty interest in being free from conditions of confinement that "present a dramatic departure from the basic conditions of [the prisoner's] sentence." *Sandin*, 515 U.S. at 485. But the Constitution does not provide a prisoner with a protected liberty interest in any form of conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979). In addition, the Constitution does not provide a prisoner with a protected liberty interest in good-time credit for satisfactory behavior. *Wolff,* 418 U.S. at 557; *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997).

Only state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" qualify for protection under the Due Process Clause. *Sandin,* 515 U.S. at 487; *see also Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995) (per curiam). In Texas, state law creates an expectancy of early release for prisoners eligible for release on mandatory supervision, and these prisoners have a protected liberty interest in the good-time credits they earn. *Malchi v. Thaler,* 211 F.3d 953, 957-58 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior

3

to September 1, 1996); *see also Teague v. Quarterman,* 482 F.3d 769, 776-77 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). Prisoners not eligible for release on mandatory supervision have no such protected liberty interest in their good-time credits.

### III. Discussion

#### A. Loss of Privileges, Reduced Status, and Housing

As a result of the proceedings in disciplinary case number 20220042072, Butler lost recreation privileges for 45 days and commissary privileges for 60 days; he was placed on cell restriction for 45 days; and he was reduced in line-class status from L1 to L3. He was also placed in administrative segregation as a result of the finding of guilt. None of these sanctions implicate a liberty interest protected by the Due Process Clause.

The Due Process Clause does not protect against sanctions that are "merely changes in the conditions of [a prisoner's] confinement." *Madison,* 104 F.3d at 768. Limits on commissary, recreation, or telephone privileges do not impose an atypical or significant hardship beyond the ordinary incidents of prison life. *Id.*; *see also Sandin*, 515 U.S. at 485-86. Similarly, placement in segregated confinement does "not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam) (quoting *Sandin*, 515 U.S. at 486). In addition, the Due Process Clause does not protect against a reduction in a prisoner's line-class status, despite its potential impact on the prisoner's ability to earn good-time credit, because the "mere opportunity" to earn good-time credits is not a cognizable liberty interest. *Id*. Because none of these sanctions implicate a protected liberty interest, Butler is not entitled to habeas corpus relief from these forms of punishment.

### B. Loss of Good-Time Credits

In addition to other sanctions, Butler also forfeited 364 days of previously earned good-time credit. When a State creates a right to good-time credit and authorizes its forfeiture as a sanction for misconduct, a protected liberty interest in that credit arises under State law. *See Madison,* 104 F.3d at 768 (citing *Wolff,* 418 U.S. at 557). In Texas, that interest arises only for prisoners eligible for release on mandatory supervision. *See Teague*, 482 F.3d at 777; *Malchi,* 211 F.3d at 957-58.

Butler does not have a protected liberty interest in his good-time credits because his Brazos County conviction bars his release on mandatory supervision. Section 508.149(a)(1), Texas Gov't Code (West 2011)—the version in effect when Butler committed his offense—prohibited a prisoner's release on mandatory supervision if the prisoner was serving a sentence for "an offense for which the judgment contained an affirmative finding under Article 42.12, § 3g(a)(2), Texas Code of Criminal Procedure." Article 42.12, § 3g(a)(2),[1] prohibited a court from ordering community supervision when the judgment contained an affirmative finding regarding the use or exhibition of a deadly weapon or an affirmative finding that the deadly weapon was a firearm. When such an affirmative finding was made and entered on the face of the judgment, § 508.149(a)(1) made the prisoner ineligible for release on mandatory supervision.

Butler's Brazos County judgment of conviction contains the following affirmative finding on the face of the judgment:

> Deadly Weapon.
> The Court FINDS Defendant used or exhibited a deadly weapon, namely, a firearm, during the commission of a felony offense or during the immediate flight therefrom or was a party to the offense and knew that a deadly weapon would be used or exhibited. TEX. CODE CRIM. PROC. art. 42.12 § 3g.

---

[1]Article 42.12, § 3g(a)(2), has since been repealed and renumbered as Article 42A.054(c) and (d), Texas Code of Criminal Procedure.

5

(Docket Entry No. 21-1, p. 3). This finding satisfies the requirement of § 508.149(a)(1) and establishes that Butler is not entitled to release on mandatory supervision.

In his reply to the respondent's answer, Butler argues that he is entitled to release on mandatory supervision because the trial court did not check a box on the judgment form affirmatively finding that the deadly weapon was a firearm. (Docket Entry Nos. 21, p. 3; 21-1, p. 3). Butler identifies no authority requiring the trial court to check a specific box on a judgment, in addition to making an affirmative finding. Butler's TDCJ Commitment Inquiry shows that the TDCJ has interpreted the Brazos County judgment to preclude Butler's release on mandatory supervision.[2] (Docket Entry No. 20-1, p. 2). Because the trial court made an affirmative finding on the face of the Brazos County judgment that Butler used or exhibited a deadly weapon in the course of committing his offense, Butler is not entitled to release on mandatory supervision, and he has no protected liberty interest in his good-time credits. Butler is not entitled to habeas corpus relief from this form of punishment. *See Malchi*, 211 F.3d at 957-58; *Madison*, 104 F.3d at 768-69.

## IV. Certificate of Appealability

Butler has not requested a certificate of appealability, but Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253; *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may

---

[2]Butler admitted in a prior federal habeas petition challenging a different disciplinary conviction that he was not entitled to release on mandatory supervision as a result of his Brazos County conviction. *See Butler v. Director, TDCJ*, Civil No. 09:16-cv-00208 (E.D. Tex. Feb. 7, 2017, Docket Entry Nos. 1, p. 5; 4, pp. 1-2). *See also In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019) (holding that courts can take judicial notice of their own records and those of prior court proceedings).

not be taken to the court of appeals.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

After carefully considering the record, the court concludes that jurists of reason would conclude without debate that Butler has not stated a valid claim for relief under § 2254. A certificate of appealability will not issue.

V. **Conclusion and Order**

Butler's petition for writ of habeas corpus, (Docket Entry No. 1), is dismissed with prejudice. All pending motions are denied as moot. A certificate of appealability will not be issued.

SIGNED on October 12, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge